IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JARED BLANSETT,                )
                               )
        Plaintiff,              )
                               )
v.                             )    Case No. CIV-08-044-KEW
                               )
BRYAN SPENCER,                 )
                               )
        Defendant.              )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss filed May 5, 2008 (Docket Entry #19). Plaintiff initiated this action in the District Court in and for Pittsburg County, Oklahoma on December 28, 2007. Plaintiff alleges that on April 13, 2007, Defendant, while acting under color of law as a law enforcement officer for the McAlester Police Department, presented an affidavit for arrest warrant to Pittsburg County District Judge Thomas Bartheld. In the affidavit, Defendant sought the issuance of arrest warrants for 35 individuals including Plaintiff, attesting that probable cause existed to believe the individuals were involved in the illegal sale of methamphetamine.

In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff contends Defendant violated his Fourth Amendment constitutional rights by making material omissions from the affidavit which, had they been included, would have vitiated the existence of probable cause and the arrest warrant would not have been issued. Plaintiff asserts the omitted facts were known by Defendant and intentionally

not included.

On February 4, 2008, the United States filed a Notice, removing this action to federal court. The United States alleges that Defendant was at all times relevant to the events in the Petition acting as an agent of the United States.

In his Motion to Dismiss, Defendant, represented by the United States, contends he was acting as a federal agent under 21 U.S.C. §§ 878(a) and (b) at the time the affidavit was presented to the state district judge. He alleges he was working as a local law enforcement officer designated as a Task Force Officer for the Drug Enforcement Administration. As such, Defendant contends he is not subject to liability under § 1983, since that statute does not apply to the actions of a federal officer. He also recognizes, however, that under the case of <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) federal officers may be held liable for violations of citizens' constitutional rights.

Additionally, Defendant asserts his actions are subject to the defense of qualified immunity. He states that his reliance upon another officer's representations in formulating the affidavit for the arrest warrant was objectively reasonable, thereby entitling him to qualified immunity.

Defendant bases his request for dismissal upon Fed. R. Civ. P. 12(b)(1), contending Plaintiff has failed to establish subject

matter jurisdiction under § 1983 because he is a federal officer. Motions brought under Fed. R. Civ. P. 12(b)(1) challenging jurisdiction either (1) represent a facial attack on the complaint's allegations bearing on subject matter jurisdiction such that the complaint is not sufficient; or (2) go beyond the face of the complaint and challenge facts upon which subject matter jurisdiction depends. Holt v. United States, 46 F.3d 1000, 1002-1003 (10th Cir. 1995)(citation omitted). Under the first type of motion, the allegations in the complaint are accepted as true. If the motion is brought under the second criteria, the truthfulness of the complaint's factual allegations is not presumed and the court has wide discretion to consider affidavits and other evidentiary materials to resolve the disputed jurisdictional facts under Rule 12(b)(1) without converting the motion to one for summary judgment under Fed. R. Civ. P. 56. Id. (citations omitted).

Determining the capacity and agency affiliation of a law enforcement officer is not necessarily a simple matter. By all outward appearances, Defendant was a McAlester Police officer. Indeed, the affidavit Defendant executed to obtain the search warrant in question states he is "a law enforcement officer as described in 13 O.S. 176.2(10). Your Affiant has been employed with the McAlester Police Department since Sept. 1996 and a member of Drug Task Force 18." See, Defendant's Motion to Dismiss, Exh.

3

A. It is only upon the submission of the "Declaration of Bryan Spencer" attached to Defendant's reply that evidentiary materials are included in the record which indicate Defendant is "a duly deputized DEA Task Force Officer" – a document filed after Plaintiff's opportunity to respond has ended.

Defendant's liability may arise under either § 1983 or a Bivens theory, depending upon his capacity. Permission should be "freely give[n]" to Plaintiff to amend his Complaint to allege both alternative theories of liability "when justice so requires", unless the amendment would be futile or cause undue delay or prejudice. Fed. R. Civ. P. 15(a), Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1288 (10th Cir. 2008). If amendment can cure the alleged defect in the Complaint, it is preferable to allow the amendment rather than dismiss the action. Brever v. Rockwell Internat'l Corp., 40 F.3d 1119, 1131 (10th Cir. 1994). As a result, Plaintiff will be afforded the opportunity to amend the Complaint to include both potential avenues of jurisdiction, subject to confirmation in discovery.

Defendant also contends he is entitled to qualified immunity because he relied upon the information provided to him by another law enforcement officer in making the affidavit for the arrest warrant. Qualified immunity may be raised in a motion to dismiss since it is intended "to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of

'such pretrial matters as discovery. . . .'" Weise v. Casper, 507 F.3d 1260, 1269 (10th Cir. 2007) quoting Behrens v. Pelletier, 516 U.S. 299, 308 (1996). When qualified immunity is raised in connection with a motion to dismiss rather than a motion for summary judgment, "the court is asked to decide whether, assuming the allegations of the complaint are true, the defendant[] [is] entitled to dismissal as a matter of law." Id. at 1270. It is a legal rather than a factual question. Id.

A review of Plaintiff's Complaint demonstrates, taking the facts as alleged as true, that Plaintiff has stated a legal claim for which relief is available under § 1983 or Bivens. If Defendant executed an affidavit which omitted information or included false information critical to the finding of probable cause and knew the information was false or he had a reckless disregard for its truthfulness, he would be liable for any resulting deprivation of Plaintiff's constitutional rights. Beard v. City of Northglenn, Colo., 24 F.3d 110, 114 (10th Cir. 1994)(citation omitted). Thus, qualified immunity at this stage of the proceedings is not appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss filed May 5, 2008 (Docket Entry #19) is hereby **DENIED**.

IT IS FURTHER ORDERED that Plaintiff be allowed until **OCTOBER 14, 2008** by which to amend his Complaint to include alternative theories of relief.

IT IS SO ORDERED this 3rd day of October, 2008.

*[Signature]*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE