IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JARED BLANSETT,                )
                               )
        Plaintiff,              )
                               )
v.                             )   Case No. CIV-08-044-KEW
                               )
BRIAN SPENCER,                 )
                               )
        Defendant.              )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (Docket Entry #37). This motion is at issue and ripe for ruling. Upon review and consideration of the documents submitted, this Court renders this ruling.

At all times relevant to this action, Defendant Brian Spencer ("Spencer") was employed by the City of McAlester Police Department and also deputized as a Task Force Officer for the Drug Enforcement Administration. In April of 2006, an investigation involving an individual by the name of Brian Fry ("Fry") was initiated by the Oklahoma Bureau of Narcotics ("OBN"). Larry Morgan, a law enforcement officer working for the OBN ("Morgan"), prepared an affidavit in support of an order authorizing the interception of wire communications of Fry and others. The affidavit set forth the factual basis for probable cause that Fry was engaged in the trafficking and distribution of controlled dangerous substances in violation of Oklahoma law. Application was made for the wire tap by

Jim Miller, District Attorney for Pittsburg County, Oklahoma, with the Morgan affidavit appended.

The Attorney General for the State of Oklahoma prepared an application for order authorizing the interception of wire communications of Fry and others. On December 5, 2006, the application was presented by Morgan to the Presiding Judge of the Oklahoma Court of Criminal Appeals, the Honorable Charles S. Chapel. Thereafter on the same date, Judge Chapel entered an order authorizing the wire taps.

Monitoring of the wire communications occurred in the offices of the OBN in Oklahoma City, Oklahoma by "individuals with OBN." Morgan oversaw the wire tap operation. Some 6,000 telephone calls were monitored through January 4, 2007. The individuals monitoring the calls determined whether each call appeared to be related to the crimes being investigated, marking the calls as either pertinent or non-pertinent. Morgan reviewed all calls that were determined by the individuals with OBN as pertinent.

More than one telephone call between Fry and Jared Blansett ("Blansett") was intercepted. Of these calls, 12 were determined to be pertinent by the individuals at OBN. Spencer did not participate in the monitoring of the calls and made no decisions whether the monitored calls were pertinent or non-pertinent.

On April 13, 2007, in his capacity as a Task Force Officer for the DEA, Spencer signed and presented the Affidavit for Arrest

2

Warrants to District Judge Thomas Bartheld, seeking the arrest of some 35 individuals, including Blansett. A single call between Blansett and Fry was included in the Affidavit for Arrest Warrants as reflected in the following entry:

12/26/2006 - 19:32; Jerred Blansett will drop by money at **FRY's** house.

Other telephone calls between Blansett and Fry concerning Fry working on Blansett's vehicle were not included in the Affidavit. However, Spencer knew nothing about Blansett other than the single sentence in the Affidavit for Arrest Warrants, had never met him prior to his arrest, did no investigation of Blansett prior to presenting the Affidavit for Arrest Warrants to Judge Bartheld, and never saw Blansett prior to signing the Affidavit. Spencer was not aware of any other telephone calls between Blansett and Fry, including the two referenced in Blansett's Complaint.

Morgan delivered a disk to a DEA agent containing all telephone calls intercepted during the course of the wire tap investigation of Fry's telephone. Spencer as the local police officer assigned to help the DEA did not review the disk prior to executing the Affidavit for Arrest Warrants.

At the time he executed the Affidavit, Spencer did not know who wrote the Affidavit for Arrest Warrants. He contributed to the content of the Affidavit but does not remember what he put into it.

However, Spencer relied upon the information other officers told him or gave him in the Affidavit for Arrest Warrants. Without the Affidavit and Spencer's attestation to it, Blansett would not have been arrested.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for

trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Spencer initially states the claim brought under § 1983 should be dismissed because he was acting as an agent of the United States. Clearly, a claim for damages under 42 U.S.C. § 1983 may only be based upon a constitutional deprivation by a state actor and not the federal government or its agents. Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997)(citations omitted). It appears from the record before the Court that Spencer was deputized as a Task Force Officer for the DEA on September 18, 2006 in connection with the investigation of Fry which lead to Blansett's arrest. Federal law permits the Attorney General to designate state and local law enforcement officers as Task Force Officers of the DEA, authorizing those state officers appointed in that capacity to exercise federal law enforcement powers. 21 U.S.C. §878(a). The appointment expired upon the conclusion of the investigation not to exceed one year. Spencer presented the Affidavit for Arrest Warrants to Judge Bartheld on April 13, 2007, within the time of his appointment. Nothing in the record suggests Spencer was acting at the direction of the police department for the City of McAlester during this investigation. Rather, the DEA guided his activities during the presentation of the Affidavit for Arrest Warrants and Spencer was acting under color of federal law. Consequently, this Court finds Spencer was acting in his capacity as a federal agent at the time of

the actions which give rise to Blansett's claims, resulting in the dismissal of this action based upon § 1983.

However, to a large degree this issue is rendered academic by the creation of the <u>Bivens</u> action in the law which permits federal agents to be sued directly for violation of constitutionally protected rights. <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Blansett has included such a claim in this action. Spencer has asserted qualified immunity with regard to any <u>Bivens</u> claim alleged by Blansett. Practically, there is no distinction for purposes of immunity law between suits brought against persons acting under color of state law under § 1983 and those brought directly under the Constitution against federal officers under <u>Bivens</u>. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 n.30 (1982). Therefore, case authority concerning the standards for qualified immunity entailing both § 1983 and <u>Bivens</u> claims are relevant to this Court's analysis.

Generally, government employees are immune from personal liability if their conduct is reasonable in light of clearly established law and the information that the employee possessed at the time of their actions. <u>Davis v. Scherer</u>, 468 U.S. 183, 190 (1984); <u>Harlow</u>, supra. The evaluation of a summary judgment motion on the issue of qualified immunity is treated somewhat differently than other summary judgment issues. Once a defendant raises a

qualified immunity defense, a plaintiff bears a heavy burden to establish that a defendant has violated clearly established law. Hannula v. City of Lakewood, 907 F.2d 129, 130-31 (10th Cir. 1990); Lutz v. Weld County School District, 784 F.2d 340, 342-43 (10th Cir. 1986). A plaintiff must "come forward with facts or allegations to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred." Pueblo Neighborhood Health Centers v. Losavio, 847 F.2d 642, 646 (10th Cir. 1988). In making this determination, Blansett must demonstrate "that right was clearly established such that a reasonable person in the defendant's position would have known that [his] conduct violated that right." Maestas v. Lujan, 351 F.3d 1001, 1007 (10th Cir. 2003)(citation omitted).

Spencer contends he did not violate any clearly established law in his actions with regard to signing and presenting the Affidavit for Arrest Warrants to the state court judge. The information presented in the Affidavit was provided, in large measure, by other officers and "individuals" with the OBN monitoring the intercepted telephone calls to Fry. The question presented is whether Spencer violated Blansett's constitutional rights by relying upon the representations of these other officers and failing to investigate the content of the Affidavit for Arrest Warrants, in general, and as to Blansett, in particular, by listening to the 6,000 telephone

7

calls contained on the disk provided to a DEA agent.

Law enforcement officers are permitted to rely upon the information transmitted to them from one officer to another. United States v. Hensley, 469 U.S. 221, 231 (1985). More specifically, officers are entitled to rely upon information relayed to them by other officers in determining whether there is reasonable suspicion to justify and investigative detention or probable cause to arrest. Oliver v. Woods, 209 F.3d 1179, 1190 (10th Cir. 2000)(citations omitted). However, reliance upon the information must be objectively reasonable. Id. at 1191 (citation omitted).

In order to prevail in this regard, Blansett must demonstrate Spencer knew the information he was presenting was false or he was reckless to the extent that he "in fact entertained serious doubts as to the truth of his allegations ... and [a] factfinder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations." Beard v. City of Northglenn, Colo., 24 F.3d 110, 116 (10th Cir. 1994)(citations omitted). The factual record does not indicate Spencer ever entertained any doubt about the facts presented in the Affidavit for Arrest Warrants or that he was presenting less than a complete record of the intercepted telephone calls. The natural question follows as to whether Spencer should have conducted a further investigation of the facts by listening to the calls provided to the

8

DEA agent to verify the facts in the Affidavit.

"The failure to investigate a matter fully, to 'exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence' rarely suggests a knowing or reckless disregard for the truth." Beard, 24 F.3d at 116 (citations omitted). At most, such a failure suggests only negligence. Id.

Under the prevailing case authority, it was objectively reasonable for Spencer to rely upon the recitation of the content of the calls allegedly made between Blansett and Fry prepared by other officers when he signed and presented the Affidavit for Arrest Warrants to Judge Bartheld. His failure to review the numerous telephone calls contained on the disk given to a DEA agent does not constitute a violation of Blansett's constitutional rights. As a result, Spencer is entitled to qualified immunity in regard to his activities in signing and presenting the Affidavit.

This Court is concerned that a shield of "convenient ignorance" could be created in circumstances such as are presented in this case. That is, one officer prepares the affidavit, withholding relevant evidence, for another officer to sign and present to a judicial officer without disclosing to the latter officer that full disclosure of information is not presented in the affidavit. However, this concern can be allayed if the officers who actually review the information and actually prepare the affidavit are

included as parties or, at the very least, are deposed as a part of discovery in the case against the officer signing the affidavit. In this case, no evidence of nefarious collusion between Spencer and the officers reviewing the calls and preparing the Affidavit for Arrest Warrants is present in the record. It is not clear from the record on summary judgment whether the individuals reviewing the calls were specifically identified and deposed. To the extent Morgan allegedly reviewed the calls and prepared some or all of the Affidavit, he was not named as a party to this action. Given the claims and parties identified in this action, it is apparent Spencer is entitled to qualified immunity.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Docket Entry #37) is hereby **GRANTED**, in that (1) the §1983 claim brought by Plaintiff in this action is hereby **DISMISSED**; and (2) Defendant Brian Spencer, in his individual capacity, is entitled to qualified immunity on the <u>Bivens</u> claim asserted against him.

IT IS SO ORDERED this 28th day of July, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE